**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **8:03CR183** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **RICARDO VALDOVINOS,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion) (Filing No. 45).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Defendant pleaded guilty to Count I of the Indictment charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). The court sentenced defendant to 120 months in the custody of the Bureau of Prisons followed by five years supervised release (Filing No. 26). Defendant filed a direct appeal to the Eighth Circuit claiming that the district court erred when sentencing him because he was entitled to relief under the safety valve. U.S.S.G. § 5C1.2. The Eighth Circuit affirmed

the district court's sentence. *United States v. Valdovinos*, No. 03-349 (8th Cir. July 30, 2004).

In his § 2255 motion Valdovinos argues that he received ineffective assistance of counsel based on his attorney's failure to object to the Presentence Investigation Report (PSR) and failure to advise him that he was required to interview with the government in order to receive the benefit of safety-valve relief.

I will order the United States to answer the defendant's claims. In addition to any other issues raised in the answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

THEREFORE, IT IS ORDERED:

1. That upon initial review, the court finds and concludes that summary dismissal of the defendant's § 2255 motion (Filing No. 45) is not appropriate;

2. That by January 30, 2006, the United States shall answer or otherwise respond to the defendant's § 2255 motion, and shall file an accompanying brief; and

3. That by February 27, 2006, the defendant may file a reply brief.

DATED this 4th day of January, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE