IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:03CR183 |
| Plaintiff, | |
| v. | ORDER |
| RICARDO VALDOVINOS, | |
| Defendant. | |

This matter is before the court on defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) (Filing No. 45).

Defendant pleaded guilty to Count I of the Indictment charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). The court sentenced defendant to 120 months in the custody of the Bureau of Prisons followed by five years supervised release (Filing No. 26). Defendant filed a direct appeal to the Eighth Circuit claiming that the district court erred when sentencing him because he was entitled to relief under the safety valve. U.S.S.G. § 5C1.2. The Eighth Circuit affirmed the district court's sentence. *United States v. Valdovinos*, No. 03-349 (8th Cir. July 30, 2004).

In his § 2255 motion Valdovinos argues that he received ineffective assistance of counsel based on his attorney's failure to advise him that he was required to interview with the government in order to receive the benefit of safety valve relief. The court ordered the government to answer defendant's motion. In response, the government filed a one-page answer and no supporting brief arguing that the defendant's motion is untimely. Further,

the government stated that if this court concludes it does have jurisdiction over the defendant's § 2255 motion that "it is the testimony of defense counsel that he discussed with the defendant 'many times,' the benefits of a safety valve interview and the defendant chose to forgo giving an interview."

## DISCUSSION

**Statute of Limitations**

The court concludes that the government is incorrect and defendant filed a timely § 2255 motion. The United States Supreme Court has held that "for the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the defendant's time expires for filing a writ of certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 573 U.S. 522, 526 (2003). The court of appeals entered its judgment on July 30, 2004, and defendant had until October 30, 2004, to file a writ of certiorari. Defendant filed this § 2255 motion on October 24, 2005, six days before the expiration of the § 2255 statute of limitations.

**Ineffective Assistance of Counsel**

Defendant alleges that he received ineffective assistance of counsel based on counsel's failure to advise him that he was required to interview with the government in order to receive the benefit of safety valve relief.

In its answer to defendant's § 2255 motion, the government failed to attach an affidavit or any evidence to support its statement that defense counsel discussed with defendant "many times" the benefits of safety valve relief. Therefore, after reviewing the answer and records of prior proceedings, the court determines that an evidentiary hearing is warranted.

2

IT IS ORDERED:

1. An evidentiary hearing on the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 45). is scheduled for **April 24, 2006, at 1:30 p.m.,** Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

2. CJA Panel attorney Stefanie A. Martinez is appointed to represent the defendant in this matter.

3. The Clerk of the Court shall electronically serve a copy of this order on counsel for the government, counsel for the defendant, and the Federal Public Defender.

**4. The Marshal is directed to return the defendant to the district for this hearing. If the defendant at a later date decides to waive his right to be present at the hearing, he may do so (at least 6 weeks prior to the hearing) by contacting his attorney who shall then inform the court and the U.S. Marshal of defendant's decision. In that event, the defendant may participate telephonically in the hearing by informing his attorney, who in turn shall supply this court with a telephone number at which the defendant may be reached for the hearing.**

DATED this 7th day of March, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
DISTRICT COURT JUDGE