# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **8:03CR183** |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND ORDER** |
| **RICARDO VALDOVINOS,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion) (Filing No. 45).

## FACTUAL BACKGROUND

Defendant pleaded guilty to Count I of the Indictment charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). The court sentenced defendant to 120 months in the custody of the Bureau of Prisons followed by five years supervised release (Filing No. 26). Defendant filed a direct appeal to the Eighth Circuit claiming that the district court erred when sentencing him because he was entitled to relief under the safety valve. U.S.S.G. § 5C1.2. The Eighth Circuit affirmed the district court's sentence but declined to consider defendant's claim of ineffective assistance of counsel concluding that it was not properly before the court. *United States v. Valdovinos*, No. 03-349 (8th Cir. July 30, 2004).

In his § 2255 motion Valdovinos argues that he received ineffective assistance of counsel based on his attorney's failure to object to the Presentence Investigation Report (PSR) and failure to advise him that he was required to interview with the government in order to receive the benefit of safety-valve relief. An evidentiary hearing was held on

defendant's motion.  At the hearing, defendant testified that he met with his attorney and that his attorney explained to him that for safety-valve eligibility he would need to speak with the United States Attorney.  Defendant also claimed, however, that he was under the impression that even if he did not speak with the prosecutor he would receive a sentence of 87 months.  Defendant's attorney, Federal Public Defender Shannon O'Connor, testified at the hearing that he explained to defendant at least two times that to receive the lower sentence he would need to meet with the prosecutor for an interview in accordance with the safety-valve provisions of the Sentencing Guidelines, U.S.S.G. § 5C1.2.

## DISCUSSION

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984).  In other words, Valdovinos has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently."  *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690).  Moreover, Valdovinos must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 487 U.S. at 689.

Here, defendant has not met this burden.  While defendant asserted that even though he was told about the proffer he believed that when he entered into the plea agreement he would receive 87 months in prison, this statement alone is not enough to satisfy his burden to establish a claim of ineffective assistance of counsel.  The court

2

acknowledges that defendant may not have fully appreciated the consequences of his decision at the time he entered into the plea agreement, but, by defendant's own admission, he was informed that he would need to meet with the government to be eligible for the safety-valve relief and he made a knowing decision not to proffer, whatever the consequences.  Defendant does not get a second chance to make this decision after a few more years of consideration.

Therefore, because defendant has failed to establish either prong of the *Strickland* test, his claims are dismissed.

IT IS ORDERED

1. The defendant's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 45) is denied;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order and the Judgment to the defendant at his last known address.

DATED this 11th day of May, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge