IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CR183 |
| | ) | |
| v. | ) | |
| | ) | |
| RICARDO VALDOVINOS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's, Ricardo Valdovinos, motion titled "F.R.C.P. Rule 60 (b)(6) Motion Relief From Judgment Or Order."  (Filing No. 74).

This court entered a Memorandum and Order denying and dismissing the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) (Filing No. 45) on May 11, 2006.  (Filing No. 54).  On July 12, 2006, defendant filed a notice of appeal requesting a certificate of appealability to appeal this court's May 11, 2006 Order.  (Filing No. 62).  On August 7, 2006, this court issued an Order denying defendant a certificate of appealability.  (Filing No. 68).  On March 5, 2007, the Eighth Circuit affirmed this decision entering a Judgment denying the defendant's application for a certificate of appealability.  (Filing No. 75).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petitions absent certification by a panel of the appropriate court of appeals.  Furthermore, 28 U.S.C. § 2255 provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244 stating in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;  or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See also In re Sims, 111 F.3d 45, 46 (6th Cir. 1997) ("The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'").  The Eighth Circuit has indicated that when, as in this case, a second or successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction. See Boykin v. United States, No. 99-3369, 2000 WL 1610732 (8th Cir. Oct. 30, 2000) (Table, text in Westlaw).  While defendant states that his present motion is a Rule 60 (b) motion, it has the indicia of a § 2255 motion.  The Eighth Circuit has held that if a Rule 60(b) motion is actually a successive § 2255 motion, the district court should dismiss it or, in its discretion, transfer to court of appeals. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).  See also United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (inmates may not bypass authorization requirement of § 2255 by purporting to invoke some other procedure).

Because the defendant's motion is a successive § 2255 motion, and the Eighth Circuit has not approved an application by defendant to file a successive § 2255 petition, this court lacks the power and authority to entertain defendant's § 2255 motion.

2

THEREFORE, IT IS ORDERED:

1.  That the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 74) is denied; and

2.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 16th day of May, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge